UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Booker T. James, | ) | C/A No. 8:04-0356-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Stan Burtt, Lieber Correctional | ) | |
| Institution; and Henry McMaster, Attorney | ) | |
| General of the State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Booker T. James is an inmate of the South Carolina Department of Corrections ("SCDC"). Petitioner, proceeding *pro se*, petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254 alleging ineffective assistance of counsel, that the trial court lacked subject matter jurisdiction, that the state grand jury lacked subject matter jurisdiction to indict the petitioner, and that his guilty plea was involuntarily, unknowingly, and unintelligently enter into.

Petitioner was indicted for six (6) counts of trafficking in cocaine in 1996. He was tried on count five (5) on December 2, 1996, and found guilty by a jury. On December 3, 1996, petitioner was sentenced to the mandatory minimum sentence of twenty-five (25) years and a fine of $50,000. On that same day petitioner pled guilty to count one (1) of the indictment. As part of the plea agreement the state allowed petitioner to plea to a lesser offense and also agreed to: (1) drop count six (6) of the indictment, for which trial was scheduled the following day; (2) recommend concurrent sentencing; and (3) not require the petitioner's cooperation.

A notice of appeal was timely filed with the South Carolina Court of Appeals from the

1

conviction of count five (5). Daniel T. Stacey of the South Carolina Office of Appellate Defense filed a "no merit" *Anders* brief of appellant and petition to be relieved as counsel on October 30, 1997. The state filed a letter return to the *Anders* brief on December 1, 1997, and petitioner filed a *pro se* brief dated February 3, 1998. The South Carolina Court of Appeals denied the petition to be relieved as counsel and ordered full briefing of the issue raised in the *Anders* brief on May 27, 1998. Appellant's final brief was filed July 16, 1998. On February 1, 1999, the Court of Appeals issued an opinion affirming petitioner's conviction and sentence.

Petitioner filed an application for post-conviction relief ("PCR") on August 4, 1999. After an evidentiary hearing, that application was denied by written order on January 2, 2002. Both the petitioner and his appointed counsel each filed motions to alter or amend the judgment on the basis that the PCR judge failed to address all of the issues raised in petitioner's PCR application. An amended order of dismissal with prejudice was signed on March 27, 2002. A petition for writ of certiorari was filed in the South Carolina Supreme Court through the South Carolina Office of Appellate Defense on November 12, 2002. The South Carolina Supreme Court issued its order on September 10, 2003 denying petitioner's writ of certiorari.

Petitioner filed this action on February 13, 2004. On June 9, 2004, respondents filed a motion for summary judgment. Because James is proceeding *pro se*, an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was filed on June 15, 2004. James filed a response in the form of his own motion for summary judgment on July 29, 2004.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation (the "Report") of United States Magistrate Judge Bruce H. Hendricks filed February 15, 2005. This Court is charged with making a *de novo*

determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report concluded that respondents' motion for summary judgment should be granted because his claims are procedurally barred. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the Report. Petitioner filed objections to the Report on March 2, 2005.

## Discussion

Petitioner raises the following objections:

(1)     he disagrees with some of the facts as presented in the Report;

(2)     he disagrees that his claim is procedurally barred;

(3)     he disagrees with the Report's interpretation of his plea transcript;

(4)     he alleges that the PCR judge's determination "that petitioner's confusion was not credible is not objectively reasonable under *Williams v. Taylor*, 528 U.S. 362, 411 (2000); and

(5)     he disputes the Magistrate Judge's conclusion that SCDC records contradict petitioner's claim.

**Facts as Presented in the Report**

The petitioner agrees to the facts as they are presented in the Report with the exception of "the last three (3) lines of paragraph number two (2) on pages one (1) and two (2) of the Report." Petitioner objects to the statement that "on December 3, 1996, Judge Shuler sentenced the petitioner to the mandatory sentence of 25 years in prison."

Petitioner alleges that he was found guilty of the trafficking charge on December 2, 1996 and that he "was sentenced to a straight-time sentence of 25 years in prison, not a mandatory sentence of

25 years in prison." (Objections p. 2.) The Court notes petitioner's objection. However, for the purposes of this Court's analysis of petitioner's habeas petition it makes no difference whether the sentence was "mandatory" or "straight-time" as petitioner does not allege that he was not sentenced to twenty-five (25) years.

**Procedural Bar**

Petitioner alleges in his objections "that his PCR counsel raised the issue of his being sentenced under the old 1995 laws, but his PCR appellate counsel of the writ of certiorari being advised to raise this issue on the writ of certiorari preserved Petitioner's issue for habeas review." (Objections p. 2.) He argues that if this Court finds his claim is procedurally barred "it would be a miscarriage of justice to refuse to hear this issue because it will result in a constitutional violation of the Petitioner being sentenced to a constitutional infirm and/or illegal sentence." (Objections p. 2.) Petitioner notes that:

> on collateral review in South Carolina state courts and in the federal courts, Petitioner could not raise a meritorious issue of ineffective assistance of PCR counsel nor the ineffective assistance of PCR appellate counsel, due to the fact that Petitioner is neither entitled to the assistance of counsel nor the effective assistance of counsel in collateral proceedings in South Carolina.

(Objections pp. 2-3.) Finally, petitioner argues that the South Carolina PCR procedures are ineffective "for correcting either or both - unconstitutional convictions and/or unconstitutional sentences." (Objections p. 3.)

A federal court will not review a claim that is procedurally defaulted. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). This practice ensures that § 2254 petitioners do not evade state procedural rules governing review of criminal convictions. *See Lambrix v. Singletary*, 520 U.S. 518, 523 (1997). A claim will be defaulted in either of two situations: if a state court has expressly found

that review is barred by a state procedural rule, *Roach v. Angelone*, 176 F.3d 210, 221 (4th Cir. 1999), or if the claim was not presented to all appropriate state courts and a state procedural rule would now bar review, *Teague v. Lane*, 489 U.S. 288, 297-99. It is clear in this case that the South Carolina Supreme Court did not expressly find that review is barred as that issue was not presented to them in petitioner's PCR appeal.[1]

The principle that a claim may be defaulted if was never raised in state court is the companion to the exhaustion doctrine. The theory of exhaustion is based on 28 U.S.C. § 2254, the statute giving the federal court jurisdiction of habeas petitions. This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. If the applicant has not presented a particular claim to all appropriate state courts, then the proper disposition of the claim depends on whether any state remedy is still available. If a state remedy is still available, then the claim is not exhausted and the case should be dismissed. *See Bennett v. Angelone*, 92 F.3d 1336, 1344-45 (4th Cir. 1996). If no state remedy is available, then the claim will ordinarily be deemed exhausted, but procedurally defaulted. *See Teague*, 489 U.S. 288, 297-99 (1989).

Petitioner raised in his PCR application that he would not have pled guilty to Count One (1) had he not been misled that sentencing would be under the "old sentencing laws and guidelines." At the PCR hearing, he testified that when he pled guilty following his conviction on Count Five (5) he thought as part of the deal that both sentences would be under the "old law." He also raised this issue in his *pro se* Supplemental Motion to Alter or Amend the Judgment. The PCR judge found these contentions to be "not credible." Petitioner did request that his PCR appellate counsel raise the issue,

---

[1] The only question raised in petitioner's writ of certiorari to the South Carolina Supreme Court on his PCR appeal was: "Whether counsel was ineffective by failure to make a timely objection to other bad acts evidence that came before the jury, violating petitioner's Sixth Amendment rights?"

but the issue was not included in the petition for writ of certiorari to the South Carolina Supreme Court during petitioner's PCR appeal. Since this claim was not presented to the South Carolina Supreme Court for review, the South Carolina state courts would find it procedurally defaulted if petitioner attempted to raise it now. Consequently, the claim is procedurally defaulted in this habeas corpus proceeding. *See e.g., Coleman*, 501 U.S. 722.

A petitioner may obtain review of a defaulted claim by establishing cause for the default and prejudice from the failure to review the claim. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). The claim of cause itself must be exhausted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Oken v. Corcoran*, 220 F.3d 259, 265 (4th Cir. 2000). In general, "cause" refers to "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999). An absence of reasonable diligence by the petitioner will defeat an assertion of cause. *See Hoke v. Netherland*, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

*Wright v. Angelone*, 151 F.3d 151, 160 n. 5 (4th Cir. 1998) (citations omitted) (*quoting McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To show prejudice, the petitioner must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *McCarver v. Lee*, 221 F.3d 583, 592 (4th Cir. 2000).

Petitioner's claim is that he should be excused from default because of his PCR appellate

counsel's failure to raise the issue he was asked to raise. Attorney error can constitute cause for procedural default only if (1) the error amounted to constitutionally ineffective assistance, as defined in *Strickland v. Washington*, 466 U.S. 668 (1984), and (2) the attorney committed the error in a context to which the defendant had a Sixth Amendment right to counsel. *See Weeks v. Angelone*, 176 F.3d 249, 273 (4th Cir. 1999); *Quesinberry v. Taylor*, 162 F.3d 273, 277 (4th Cir. 1998); *see also Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (ineffective assistance on appeal may be cause); *Joseph v. Angelone*, 184 F.3d 329, 325 (4th Cir. 1999) (ineffective assistance of counsel on collateral review is not cause). Since petitioner's "cause" is based on ineffective assistance of appellate PCR counsel and there is no right to counsel on collateral review, he has failed to establish cause for the procedural default. *See Joseph*, 184 F.3d at 325. Since petitioner has failed to establish cause, there is no reason for this Court to address the prejudice prong.

**Plea Transcript and the PCR Judge's Determination**

The petitioner objects with the Magistrate Judge's interpretation of his plea transcript and the PCR Judge's determination that his confusion was not credible. He argues that "the discussion at the plea proceeding does not clearly show that the parties were not in agreement that both of the petitioner's sentences would be imposed under the old [law]." (Objections p. 3) He also alleges that the state "created factual fiction to lure Petitioner into pleading guilty to a concurrent sentences of 25 and 7 years under the 1995 statute." (Objections p. 4) Finally petitioner states: "the Petitioner did not state 'It would be 25 years under the '96 law also,' this must be a typo of the Court Reporter was as confused as the Petitioner, for Petitioner was misled by trial counsel and the Assistant Attorney General, by the factual fiction." (Objections p. 4)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), a federal

habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the *Strickland* test. *See Williams v. Taylor*, 529 U.S. 362 (2000) ("*Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.").

Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. § 2254(e)(1). *See generally, Young v. Catoe*, 205 F.3d 750, 756 n. 3 (4th Cir. 2000); *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000); *Wilson v. Moore*, 178 F.3d 266, 280 (4th Cir. 1999). This presumption of correctness imposed by § 2254(e)(1) applies to findings by state appellate courts as well as trial courts. *See Sumner v. Mata*, 449 U.S. 539, 545-47 (1981). The petitioner may rebut the presumption of correctness with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When a district court determines that the petitioner has rebutted the presumption of correctness, the court must explain its analysis in its opinion granting the writ. *See Sumner*, 449 U.S. at 551. Consequently, this Court will presume the correctness of the state court's factual findings absent a determination that such findings were "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Following a jury trial, petitioner was convicted on Count five (5) of the indictment, which alleged that the offense occurred on January 12, 1996. Consequently, the "new law" of no parole offenses was effective and applicable to that crime. *See generally*, S.C. Code Ann. § 24-13-100 (effective January 1, 1996).

Following this conviction, the parties entered into a discussion about working out a deal on the remaining counts of the indictment. The prosecutor had noted that he told defense counsel if the

jury convicted on Count five (5), he would offer a plea to Count six (6) reducing the drugs from "over 100 grams" to "28 to 100 grams," and recommending concurrent sentencing. Both the prosecutor and petitioner's counsel agreed that sentencing would be "under the '95 law." Petitioner's counsel told the judge they would like to think about the offer, and asked the judge to go ahead and sentence on the jury conviction.

Petitioner decided to take the plea deal later that same day. At the end of the plea colloquy, the following exchange occurred:

> PETITIONER'S COUNSEL: Backing up that conspiracy statute *under which he is pleading*, it is our understanding–
> THE COURT: It's the old statute. Under the old law.
> PETITIONER'S COUNSEL: Take advantage of 1995. Is that correct, 1995?
> PROSECUTOR: That's correct, Your Honor.

(PCR Appendix p. 264) (emphasis added)  After the judge sentenced petitioner to the minimum sentence "concurrent to the 25-year sentence that I've just imposed," the following occurred:

> PETITIONER: It would be 25 years under the '96 law also?
> PETITIONER'S COUNSEL: Yes, sir. Under '96.
> THE COURT: That's right.

(PCR Appendix p. 266)

As these exchanges make clear, petitioner is incorrect in his assertion that parties were in agreement that *both* of his sentences would be imposed under the 1995 law. It appears to this Court, that the parties were only in agreement that the count pled to after the jury trial would be subject to the 1995 provisions.

The record shows that the 1995 law was discussed only after the jury convicted the petitioner on Count five (5). The parties created a "factual fiction" as to the conspiracy charge in order for the petitioner to be able to be sentenced under the 1995. That factual fiction was to change the open

ended conspiracy date of Count six (6): "from about 1993 until the present" to "from about 1993 until December 1995." Petitioner's counsel spoke of the applicability of the 1995 rule "for the conspiracy statute *under which is he pleading*," and the judge and trial counsel explained to the petitioner at the end of the plea colloquy that the sentence he received from his plea would be entirely subsumed by the no parole sentence from the jury conviction. Additionally, petitioner's counsel told the judge that he could sentence the petitioner on Count five (5) while they thought about whether or not to plead to Count six (6). Clearly, it was not contemplated by the parties that petitioner would be sentenced under the 1995 law to both counts.

The PCR judge found petitioner's claim of confusion not credible. Petitioner has filed to rebut with clear and convincing evidence the presumption of correctness attached to the state court's factual findings. 28 U.S.C. § 2254(e)(1). Additionally, there is no evidence to support the petitioner's claim of a due process violation because the parties clearly did not agree that both sentences would be based on 1995 law. This Court finds that the state court's decision was not contrary to and did not involve an unreasonable application of clearly established Federal law.

**SCDC Records**

The petitioner alleges that, contrary to what the Report states, "a due process violation as evidenced by SCDC computers not reflecting that sentence on count one was to be applied under the old law, is and was a violation of the guilty plea." (Objections p. 4)

Respondent does not dispute that SCDC's computers do not reflect the sentence was applied under the 1995 law. However, the seven-year concurrent sentence petitioner received on Count one (1) was entirely subsumed within his twenty-five year sentence petitioner received on Count five (5). In fact, petitioner maxed out his sentence on Count one (1) on January 9, 2002. Consequently, any

due process claim with regard to Count one (1) is moot because the petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## Conclusion

In her report, Magistrate Judge Hendricks recommends that respondents' motion for summary judgment be granted. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

After a review of the case law and record before it, the Court overrules all objections, adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. For the reasons stated therein and in this order, respondents' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

May 31, 2005  
Florence, SC